UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH J. FRANK,

                 Plaintiff,                           **MEMORANDUM AND ORDER**
                                                          09-CV-955 (DRH)(WDW)
   -against-

WALGREENS CO., CRAIG SCHMIDT, CLARITA
ORTEGA, JOSEPH MOY and LOUIS MORANDI,

                 Defendants.
----------------------------------------------------------------X
**APPEARANCES:**

**JOSEPH C. STROBLE, ESQ.**
Attorney for Plaintiff
40 Main Street
P.O. Box 596
Sayville, New York 11782

**LITTLER MENDELSON P.C.**
Attorneys for Defendants
900 Third Avenue
New York, New York 10022
By: Eric D. Witkin, Esq.
    Joel L. Finger, Esq.

**HURLEY, Senior District Judge**:

        Presently pending before the Court is the motion by plaintiff Joseph J. Frank ("Plaintiff") to remand this matter to state court. In opposition, defendants Walgreens Co. ("Walgreens"), Craig Schmidt ("Schmidt"), Clarita Ortega ("Ortega"), Joseph Moy ("Moy"), and Louis Morandi ("Morandi") (collectively "Defendants") seek dismissal of the Complaint as against the individual defendants based upon Plaintiff's failure to properly serve them. For the reasons that follow, Plaintiff's motion to remand is denied and the action is dismissed without prejudice as to the individual defendants.

## BACKGROUND

*Commencement of Suit*

Plaintiff originally filed this action in the Supreme Court of the State of New York, Suffolk County via Summons with Notice filed on January 28, 2009. On March 6, 2009, Walgreens filed a Notice of Removal and this case was removed to this Court. The Notice of Removal was based on federal question jurisdiction because the Summons with Notice alleged violations of two federal statutes, viz. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Occupational Safety and Health Act, 29 U.S.C. § 651, et seq. By Stipulation and Order dated March 25, 2009, Plaintiff and Walgreens agreed that Plaintiff would file and serve a Complaint on Walgreens on or before March 30, 2009, and that Walgreens would respond to the Complaint on or before April 30, 2009.

Thereafter, Plaintiff filed a Complaint on March 29, 2009. The Complaint asserts state law claims only. In fact, paragraph 2 of the Complaint states: "All of plaintiffs['] claims are state claims. There are no federal claims." (Compl. ¶ 2.)

*The Parties' Requests to File Motions and the Courts Concomitant Orders*

On April 29, 2009, Walgreens filed a letter requesting a pre-motion conference seeking permission to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, on May 7, 2009, Plaintiff filed a four-sentence letter requesting that this case be remanded to state court based upon lack of subject matter jurisdiction given the absence of any federal claims or diversity between the parties. The next day, Walgreens filed a letter opposing this request, noting that the Court lacked personal jurisdiction over the individual defendants because they had not been properly served with process. Because the Complaint

2

alleges that Plaintiff is a New York resident (Compl. ¶ 5), and Walgreens is a foreign corporation (*id.* ¶ 6), Walgreens maintained that the Court did have diversity jurisdiction and should therefore deny Plaintiff's motion to remand.

By Order dated July 24, 2009, the Court waived its pre-motion conference requirement and set a briefing schedule with regard to Plaintiff's motion to remand so that the Court could resolve the threshold issue of jurisdiction prior to reaching the merits. Plaintiff was directed to serve moving papers on or before August 21, 2009; Walgreens was directed to serve opposition papers on or before September 18, 2009; and Plaintiff was directed to serve reply papers, if any, and file all papers with the Court, on or before October 2, 2009. The Order explicitly stated that "[t]he parties' memoranda shall include citations to appropriate authority." (July 24, 2009 Order.) The Court noted that it would address Walgreens' proposed motion to dismiss the Complaint after resolution of Plaintiff's motion to remand, should the matter not be remanded.

On October 14, 2009, Walgreens filed a letter explaining that pursuant to the Court's schedule, it received a letter motion from Plaintiff on August 15, 2009, and served Plaintiff with opposition papers on September 18, 2009. (Walgreens Letter dated Oct. 14, 2009.) Plaintiff, however, did not serve any reply papers nor file any motion papers with the Court. Due to Plaintiff's failure in this regard, Walgreens requested that the Court deny Plaintiff's motion to remand.

By Order dated October 15, 2009, the Court directed Plaintiff to file his motion on or before October 22, 2009. Plaintiff failed to comply with the Court's Order. Thereafter, by Order dated October 23, 2009, Plaintiff was directed to file his motion to remand or a status

3

report on or before November 6, 2009. Plaintiff was warned that failure to comply with the Court's Order could result in dismissal of Plaintiff's claims for failure to prosecute.

On October 25, 2009, Plaintiff filed his motion, together with Walgreens' opposition papers. Plaintiff's counsel explained that he "attempted what appears now to have been an unsuccessful e-filing of the related motion papers on September 29th." (Pl.'s Letter dated Oct. 25, 2009.) Plaintiff's counsel also claimed that he did not receive the Court's October 15, 2009 Order, despite the fact that the docket sheet reflects that e-mail notification was indeed sent to all counsel.

*Plaintiff's Motion to Remand*

Plaintiff's motion to remand consists of a one-page letter, providing as follows:

> At this point in time, it is requested that the Court remand this matter back to the State Court, from which it was removed.
>
> The complaint has been served and filed, wherein there are only state claims, this is not disputed by the defendant(s). Diversity is not complete. Therefore, there is no jurisdiction by this Court, in this matter. See Socorro v. Supermarkets General Corp, etc., 1992 WL 162652 (S.D.N.Y.).
>
> Plaintiff has served the summons with notice from the State action, upon the individual defendants, proof has been filed with the Court. In furtherance of this application to remand, it is requested that [the] Court in its discretion deem the State Court Summons with Notice, a compliant summons and complaint, and, that service is effective in this matter, under Rule 4, along with leave to amend, as required by the Court.
>
> This submission constitutes the plaintiff's moving papers.

(Pl.'s Letter dated Aug. 15, 2009.)

In opposition to Plaintiff's motion, Walgreens submitted a memorandum of law, as well as an attorney affidavit with exhibits. The individual defendants "join this opposition

4

without prejudice to their defenses that the Complaint should be dismissed against them pursuant to Fed. R. Civ. P. 4 and 12(b)(2), (4), (5) and (6) for lack of personal jurisdiction, insufficient process, insufficient service of process and failure to state a claim." (Defs.' Mem. of Law in Opp'n at 1 n.1.) Defendants argue that the Court should: (1) dismiss the Complaint as to the individual defendants based upon lack of service; and (2) deny Plaintiff's motion to remand because there is complete diversity between Plaintiff and Walgreens. For the reasons set forth below, the Court agrees with Defendants. Accordingly, this action is dismissed as against the individual defendants without prejudice and Plaintiff's motion to remand is denied.

## DISCUSSION

**I.** *Plaintiff Failed to Comply with the Rules Governing the Submission of Motions*

Local Civil Rule 7.1(a) provides that "[e]xcept as otherwise permitted by the court, all motions . . . shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of . . . . Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion . . . ." Local Civil Rule 7.1(a). Similarly, Individual Practice Rule 3.D provides that motions shall be accompanied by a "notice of motion, a separate initial memorandum and whatever supporting documentation that is appropriate." Individual Practice Rule 3.D.

Here, in violation of the above Rules, as well as this Court's July 24, 2009 Order explicitly directing that "[t]he parties' memoranda shall include citations to appropriate authority," (July 24, 2009 Order), Plaintiff failed to file a Notice of Motion or a memorandum of law in support of his motion to remand. Instead, as noted above, Plaintiff simply submitted a one-page letter. This failure alone provides sufficient grounds for denial of Plaintiff's motion.

5

Nonetheless, for the reasons that follow, the Court has reviewed the parties' papers and finds that Plaintiff's motion should be denied on the merits as well.

## II. *Plaintiff Failed to Properly Serve the Individual Defendants*

It is undisputed that at the time this action was removed to this Court, none of the individual defendants had been served with the state Summons and Notice. After this action was removed, Plaintiff filed a Complaint on March 29, 2009. Thereafter, on April 21 and April 22, 2009 respectively, Plaintiff served individual defendants Ortega and Schmidt with the Summons and Notice filed in the state action. On May 18, 2009, Plaintiff served individual defendants Moy and Morandi with the Summons and Notice filed in the state court action. Plaintiff did not attach a copy of the Complaint filed in this Court. Thus, none of the individual defendants has ever been served with the federal summons and/or Complaint.

Rule 4 provides that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m) [120 days] . . . ." Fed. R. Civ. P. 4(c)(1). Under Rule 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." *Id.* 4(b). "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." *Id.*

Rule 4(a) specifies the contents of the summons. Among other things, it requires that the summons must "name the court and the parties," "be signed by the clerk," and "bear the court's seal." *Id.* 4(a)(1) (A), (F), (G). Here, the state court summonses served by Plaintiff do not comply with Rule 4 as they do not satisfy any of these prerequisites. Nor were the summonses either presented to or issued by this Court's Clerk pursuant to Rule 4(b), or served with a copy of the Complaint as required by Rule 4(c)(1). Plaintiff has thus failed to comply

6

with Rule 4's requirements for service of a summons and Complaint on the individual defendants.[1]

Plaintiff asks the Court "in its discretion [to] deem the State Court Summons with Notice, a compliant summons and complaint, and [find] that service is effective in this matter[] under Rule 4." (Pl.'s Letter dated Aug. 15, 2009.) Plaintiff's argument, offered without any legal support or analysis, is without merit.

Accordingly, the Court finds that because Plaintiff failed to establish that he properly served any of the individual defendants,[2] this Court lacks personal jurisdiction over the individual defendants. *See Mastroianni v. Reilly*, 602 F. Supp. 2d 425, 434 (E.D.N.Y. 2009) (noting that valid service of process is prerequisite to court's assertion of personal jurisdiction over a defendant). Thus, the only remaining issue is whether the Court should dismiss the Complaint as to these defendants.

### III. *The Complaint is Dismissed as Against the Individual Defendants*; *Plaintiff's Motion to Remand is Denied*

In support of their request that this Court dismiss Plaintiff's claims as against the individual defendants, Defendants rely on Rule 4(m), which provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the

---

[1] It is undisputed that Plaintiff properly served a copy of the summons and Complaint on Walgreens.

[2] *See DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 2010 WL 447114, at *8 (S.D.N.Y. Feb. 9, 2010) ("When a defendant challenges service of process, the burden of proof is on the plaintiff to show the adequacy of service.") (citations and internal quotation marks omitted).

> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Here, Plaintiff was put on notice of Defendants' request to have this Court dismiss all claims as against the individual defendants as early as May 8, 2009, when Walgreens filed its letter in opposition to Plaintiff's letter request to remand. Plaintiff was further put on notice when Defendants filed their opposition memorandum in opposition to the instant motion. Nonetheless, Plaintiff has failed to demonstrate that the individual defendants were properly served, nor offer any excuse for his failure to do so. Under these circumstances, the Court finds that Plaintiff's claims against the individual defendants should be dismissed without prejudice pursuant to Rule 4(m). Given that the amount in controversy exceeds $75,000 and, Plaintiff is a New York resident and the only defendant remaining is Walgreens, a foreign corporation, the Court has diversity jurisdiction over this action. Accordingly, Plaintiff's motion to remand is denied.

## *CONCLUSION*

For the foregoing reasons, Plaintiff's motion to remand this action back to state court is DENIED. All claims against defendants Craig Schmidt, Clarita Ortega, Joseph Moy, and Louis Morandi are DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to submit a motion under Rule 4(m) to extend the time for service for good cause shown, Plaintiff may do so pursuant to this Court's Individual Practice Rules. The Court sets the following briefing schedule with regard to Walgreens' motion to dismiss: Walgreens shall serve its moving papers on or before September 3, 2010; Plaintiff shall serve opposition papers on or before October 1, 2010; and Walgreens shall serve reply papers, if any, and file all papers with the Court, on or

before October 15, 2010.

**SO ORDERED.**

Dated: Central Islip, N.Y.
August 4, 2010

/s
Denis R. Hurley, U.S.D.J.